
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN HERRERA, an individual, | No. 11-55078 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07359-PSG-CW |
| v. | |
| COUNTY OF LOS ANGELES, a municipal entity; LOS ANGELES COUNTY PROBATION DEPARTMENT, a municipal entity; MIKELL BALLOU; TYRONE PERRY; MARCILA CHAPMAN; RANDY HERBON; JACK MORENO; DEPUTY BARLOW; BURT TODD; ROBERT TAYLOR; RICHARD SAENZ; FRANCESCA B. JONES; SAMUEL RODRIGUEZ; GERALD ESPINOZA; CHARLES HARTARCYCH, PEARL SALCIDO, as individuals, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Plaintiff-Appellant Jonathan Herrera ("Jonathan") appeals the district court's dismissal of his Third Amended Complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.[1]

**1.** The district court did not err in dismissing Jonathan's claims against Defendants Barlow and Ballou. Jonathan's Third Amended Complaint fails to state a cause of action against these defendants for deliberate indifference because there is no factual allegation that "plausibly suggests," *Iqbal*, 556 U.S. at 683, that these defendants knew of and disregarded "an excessive risk to inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

---

[1] "We review de novo a district court's dismissal of a complaint under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), *cert. denied*, 80 U.S.L.W. 3613 (U.S. Apr. 30, 2012) (No. 11-834). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Caviness v. Horizon Cmty. Learning Ctr.*, *Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The facts in the complaint must be accepted as true and are construed in the light most favorable to the plaintiff. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). In ruling on a motion to dismiss, the court may consider documents that are attached to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**2.** The district court erred in dismissing Jonathan's claim against Defendant Espinoza. Jonathan's Third Amended Complaint and the accompanying attachments, "plausibly suggest[]," *Iqbal*, 556 U.S. at 683, that Espinoza knew of and disregarded "an excessive risk to inmate health or safety," *Farmer*, 511 U.S. at 837.

Espinoza testified at a deposition that, after hearing another juvenile say to Jonathan, "Hey, man, there's a snake over there where you're sitting," Espinoza "turned around to look and see if the snake was really there." He testified that he did not "recall seeing a snake" – that is, that he could not remember whether, when he turned around to look for a snake he, in fact, saw one. He also testified that he could not recall whether he asked any additional questions of the boy who said he had seen the snake. A reasonable jury could find implausible Espinoza's testimony that he could not remember whether he had seen a snake or whether he had made any inquiries about it and therefore infer that he was lying. Given this inference, a jury could find that Espinoza did see a snake and yet deliberately ignored the danger.

Thus, Jonathan's complaint and the accompanying attachments plausibly suggest that: (1) Espinoza walked outside of the administration building and observed Jonathan sitting on the steps of the administration building approximately

3

ten minutes before Jonathan was bitten by a rattlesnake; (2) Espinoza heard another minor yell at Jonathan, "Hey, man, there's a snake over there where you're sitting"; (3) Espinoza saw the snake next to Jonathan; (4) Camp Paige policy required Jonathan to remain in the area where he was sitting until a probation deputy or some other staff member released him; and, (5) Espinoza did not instruct Jonathan to move to another location. Because Jonathan's Third Amended Complaint and accompanying attachments plausibly suggest that Espinoza knew Jonathan was sitting in close proximity to a potentially poisonous snake, and did nothing, we reverse the district court's dismissal of Jonathan's claim against Espinoza.

3. Jonathan does not argue in his opening or reply briefs that the district court erred in dismissing his claims against Defendants Perry, Chapman, Herbon, Moreno, Todd, Taylor, Saenz, Jones, Rodriguez, Hartarcych, and Salcido. Accordingly, we affirm the district court's dismissal of Jonathan's claims against these defendants. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

4. The district court did not err in dismissing Jonathan's claims against the County of Los Angeles and the Los Angeles County Probation Department

4

(collectively "the County"). Jonathan's claim that the County had a "policy or practice" of failing to warn minors about snakes is not plausible as this allegation is repeatedly contradicted by other allegations in Jonathan's complaint and the attachments to Jonathan's complaint. Jonathan's claim that the County is liable for failing to train its employees is also not plausible on its face, as there is no allegation that suggests County policymakers had "actual or constructive notice" that its policies were deficient. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (holding that, to prevail on a "failure-to-train" allegation against a municipality, a plaintiff must prove that the municipality's policymakers were on "actual or constructive notice that a particular omission in their training program" caused the municipality's employees "to violate citizens' constitutional rights").

**5.** Jonathan argues that, because he was a juvenile at the time of the rattlesnake bite, his "allegations of unconstitutional conditions of confinement are governed by the more protective standard of the Fourteenth Amendment, rather than the [Eighth] Amendment." Because Jonathan has failed to identify how the analysis would be any different under the Fourteenth Amendment, we decline to address this issue.

The district court's dismissal of Jonathan's claim against Defendant Espinoza is REVERSED.  The district court's dismissal of Jonathan's claims against the remaining defendants is AFFIRMED.  We REMAND this case to the district court for proceedings consistent with this disposition.  Each party shall bear its own costs on appeal.